IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ALLEN WEIKEL,                        :
                                     :
            Plaintiff,               :
                                     :
    v.                               : Civ. No. 17-1573-LPS
                                     :
JESSICA VOROUS, et al.,              :
                                     :
            Defendants.              :
                                     :

Allen Weikel, Sussex Correctional Institution, Georgetown, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

August 14, 2018
Wilmington, Delaware

STARK, U.S. District Judge:

## I. INTRODUCTION

Plaintiff Allen Weikel ("Plaintiff"), an inmate at the Sussex Correctional Institution in Georgetown, Delaware, filed this action in October 2017. The letter/complaint was opened as a case involving claims under 42 U.S.C. § 1983.[1] (D.I. 1) Plaintiff appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 8) The case was closed on February 1, 2017, after Plaintiff failed to file a payment authorization form required by the Court. (D.I. 9) It was reopened upon Plaintiff's motion on March 9, 2018. (D.I. 12) The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A(a).

## II. BACKGROUND

Following a jury trial in 1986, Plaintiff was convicted of rape in the first degree and assault and sentenced to life imprisonment. *See Weikel v. State*, 1988 WL 5726, 538 A.2d 1114 (Del. 1988) (table). At some point he was released on parole. In January 2015, an investigation was opened by the Department of Family Services ("DFS") after it was reported that Plaintiff's minor nieces were living with him. The Complaint states that during the investigation, Plaintiff's parole officer, Defendant Jessica Vorous ("Vorous"), was notified and asked to provide Plaintiff's conditions of parole. Plaintiff alleges that Vorous was biased against him because Vorous told the senior citizen for whom Plaintiff was providing care that Vorous had a duty to keep all sex offenders behind bars.

Vorous was notified that the DFS investigation case was dropped. Plaintiff alleges that Vorous did not believe DFS, him, or his family that the case was dropped. Plaintiff alleges that he was then forced to take, and pay for, a polygraph test. The polygraph test was administered on

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

1

January 29, 2015. Plaintiff states that he answered all questions honestly. He alleges that once the test was finished, "the guy" who administered the test was doing something to manipulate the program. Plaintiff was told there was a problem with one of the questions and was again asked the question, "have you live[d] with a minor since your release?" Plaintiff was allowed to go home. A few hours later, Vorous arrived with her partner and transported him to "Smyrna Prison" for violating his terms of parole. Plaintiff alleges that Vorous and her partner "degraded" him for a crime that happened 32 years ago.

Plaintiff contacted the Public Defender's office. He alleges that he was denied counsel. Three months later (approximately May 2015), Plaintiff appeared before Defendant Delaware Board of Parole ("Board of Parole"). Plaintiff and Vorous provided testimony at the hearing. Plaintiff alleges that Vorous lied at the hearing. Plaintiff alleges that if a lawyer had represented him at the hearing, the attorney could have provided evidence to prove that Vorous lied to the Board of Parole.

The Board of Parole voted to find that Plaintiff violated the terms of his parole. Plaintiff alleges that the Board of Parole abused its discretion. Plaintiff was given "a five year hit before [he] can come back and try to get out again." Plaintiff was placed at Level 5. He contends he should have been placed at Level 4. Plaintiff alleges violations of the Fifth and Sixth Amendments and denial of counsel.

## III. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from governmental

2

defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *see also Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when deciding Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant a plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes

that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

Under the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, the court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *See Iqbal*, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

### A. Statute of Limitations

While not stated, the Court liberally construes the complaint as raising constitutional claims under 42 U.S.C. § 1983. For purposes of the statute of limitations, § 1983 claims are characterized as personal injury actions. *See Wilson v. Garcia*, 471 U.S. 261, 275 (1983). In Delaware, § 1983 claims are subject to a two-year limitations period. *See* 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996). Section 1983 claims accrue "when the plaintiff knew or should have known of the injury upon which its action is based." *Sameric Corp. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998).

The statute of limitations is an affirmative defense that generally must be raised by the defendant, and it is waived if not properly raised. *See Benak ex rel. Alliance Premier Growth Fund v. Alliance Capital Mgmt. L.P.*, 435 F.3d 396, 400 n.14 (3d Cir. 2006); *Fassett v. Delta Kappa Epsilon*, 807 F.2d 1150, 1167 (3d Cir. 1986). "[W]here the statute of limitations defense is obvious from the face of the complaint and no development of the factual record is required to determine whether dismissal is appropriate, *sua sponte* dismissal under 28 U.S.C. § 1915 is permissible." *Davis v. Gauby*, 408 F. App'x 524, 526 (3d Cir. Nov. 30, 2010) (internal quotation marks omitted).

The last act complained of occurred in either April or May 2015, when the Board of Parole voted to find that Plaintiff had revoked the terms of his parole. Plaintiff did not file his Complaint

5

until October 26, 2017.[2] Hence, it is evident from the face of the Complaint that his claims are barred by the two-year limitations period, having been filed some five months late.

Because Plaintiff's allegations are time-barred, the Court will dismiss the Complaint as legally frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

**B.     Polygraph Test**

To the extent Plaintiff claims his rights were violated on the basis that he was improperly forced to take a polygraph examination which resulted in the revocation of his parole, the claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). In *Heck*, the Supreme Court held that where success in a § 1983 action would implicitly call into question the validity of conviction or duration of sentence, the plaintiff must first achieve favorable termination of his available state or federal habeas remedies to challenge the underlying conviction or sentence. Considering *Heck* and summarizing the interplay between habeas and § 1983 claims, the Supreme Court explains that, "a state prisoner's § 1983 action is barred (absent prior invalidation) – no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) – if success in that action would necessarily demonstrate the invalidity of the confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, Plaintiff alleges a direct causal connection between the alleged forced polygraph examination and the revocation of his probation. As alleged in the Complaint, were Plaintiff to

---

[2]The computation of time for complaints filed by *pro se* inmates is determined according to the "mailbox rule," with the complaint deemed filed as of the date it was delivered to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266 (1988); *Burns v. Morton*, 134 F.3d 109, 112 (3d Cir. 1998); *Gibbs v. Decker*, 234 F. Supp. 2d 458, 463 (D. Del. 2002). Plaintiff's Complaint is dated October 26, 2017, and the envelope in which it was mailed is post-marked October 27, 2017. Therefore, Plaintiff's Complaint was delivered to prison authorities for mailing on either October 26 or 27, 2017. Giving Plaintiff the benefit of the doubt, the Court concludes that Plaintiff's Complaint was filed on October 26, 2017, the date it was signed, and the earliest date that it could have been delivered to prison officials in Delaware for mailing.

succeed in establishing that the polygraph test violated his constitutional rights, with the necessary consequence that his parole was revoked and a sentence of incarceration was imposed, then such success would necessarily call into question his current sentence, given the but-for-causal connection between the allegedly unconstitutional polygraph test and the revocation of probation. *See, e.g., Garland v. Joseph J. Peters Inst. (JJPI)*, 2017 WL 1196639, at *3 (E.D. Pa. Mar. 31, 2017) (*Heck* barred claim that administration of polygraph examination and introduction of examination results at revocation hearing violated Fifth Amendment rights, since, if successful, it would necessary imply invalidity of revocation); *Neri v. New Jersey State Parole Bd.*, 2014 WL 546114, at *1 (D.N.J. Feb. 10, 2014) (*Heck* barred claim that Fifth Amendment right against self-incrimination was violated during parole revocation proceedings when Plaintiff was made to take maintenance polygraph). The polygraph examination claim is barred by *Heck* and will be dismissed.[3]

### C.   Right to Counsel at Parole Revocation Hearing

Plaintiff's claim that his constitutional rights were violated when he was not provided counsel at his parole revocation hearing fails as a matter of law. A parole revocation hearing is not a criminal prosecution. *See Morrissey v. Brewer*, 408 U.S. 471, 480 (1972) (revocation of parole is not part of criminal prosecution; thus, full panoply of rights due defendant in criminal proceeding does not apply to parole revocations). Consequently, there is no constitutional right to representation by counsel at a parole revocation hearing. *See Gagnon v. Scarpelli*, 411 U.S. 778, 783-90 (1973). The Court will dismiss the claim as frivolous pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).

---

[3]To the extent Plaintiff is attempting to attack his state parole revocation, he may have a remedy under 28 U.S.C. § 2254, which confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

### D. Testimony of Parole Officer.

To the extent Plaintiff's claims against Vorous stem from her testimony at Plaintiff's revocation hearing, she is entitled to absolute witness immunity. *See e.g., Beaver v. Delaware Cnty. Prob. & Parole*, 2016 WL 4366977, at n.7 (E.D. Pa. Aug. 16, 2016) (witness who provided testimony at revocation hearing entitled to absolute immunity). Witnesses are immune from § 1983 liability when the claim is based on allegations of perjury, either at trial or during pretrial proceedings. *See Rehberg v. Paulk*, 566 U.S. 356, 367 (2012) ("[A] trial witness has absolute immunity [from suit under § 1983] with respect to any claim based on the witness' testimony."); *McArdle v. Tronetti*, 961 F.2d 1083, 1085 (3d Cir. 1992) (witness immunity applies to testimony given at pretrial hearings as well as to trial testimony); *Benckini v. Upper Saucon Twp.*, 2008 WL 2050825, at *11 (E.D. Pa. May 13, 2008) (absolute immunity afforded to witnesses, including police officers, charged under § 1983 for alleged perjurious testimony at pretrial proceedings).

Accordingly, the claims against Vorous will be dismissed based upon her immunity from suit pursuant to pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

### E. Board of Parole

To the extent Plaintiff attempts to raise claims against the Board of Parole pursuant to 42 U.S.C. § 1983, the claims fail as the Board of Parole is not a person within the meaning of 42 U.S.C. § 1983. *See Madden v. New Jersey State Parole Bd.*, 438 F.2d 1189, 1190 (3d Cir. 1971) (New Jersey State Parole Board is not person under § 1983); *see also White v. Delaware Board of Parole*, 2013 WL 3991963, at *4 (D. Del. July 31, 2013) (Delaware Board of Parole is not person under § 1983); *Davis v. Pennsylvania Bd. of Prob. and Parole*, 2006 WL 3308440, at *4 (W.D. Pa. Oct. 13, 2006) (discussing issue that Parole Board is not "person" within meaning of § 1983).

In addition, the Parole Board, an agency of the State of Delaware, is entitled to sovereign immunity under the Eleventh Amendment. *See Harper v. Jeffries*, 808 F.2d 281, 284 n.4 (3d Cir. 1986) (any action by appellant against Parole Board is barred by Eleventh Amendment). The Eleventh Amendment bars an action against a state, or its agencies, in federal court. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *see also State v. Jackson*, 2013 WL 1561511, at *1 (Del. Super. Feb. 28, 2013) (referring to Delaware Board of Parole as State agency). Therefore, the Court will dismiss the claims against the Board of Parole as it is immune from suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and § 1915A(b)(2).

## V. CONCLUSION

For the above reasons, the Court will dismiss the Complaint as legally frivolous and based upon Defendants' immunity from suit pursuant 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and 1915A(b)(1) and (3). Amendment is futile.

An appropriate Order will be entered.